## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**SHIRLEY WHITE, as wrongful death**
**beneficiary of KEITH PERKINS, DECEASED**                              **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 2:09-CV-00161-GHD-JMV**

**WEXFORD HEALTH SOURCES, INC.,**
**and TUNICA COUNTY, MISSISSIPPI**                              **DEFENDANTS**

### MEMORANDUM OPINION

#### A. Introduction

This matter is before the Court on the motion [25] of Defendant Tunica County, Mississippi for summary judgment on all state law claims asserted against it because it is immune from liability pursuant to the inmate exemption of the Mississippi Tort Claims Act ("MTCA"), Mississippi Code § 11-46-9(1)(m). Tunica County also seeks summary judgment as to Plaintiff's 42 U.S.C. § 1983 constitutional deprivation claim on the basis of an alleged lack of proof of the essential elements of that claim.

In opposition to the motion for summary judgment on the state law claims, Plaintiff argues that Mississippi Code § 11-46-9(1)(m) is unconstitutional because it violates the Equal Protection Clause of the United States Constitution applicable to the states via the Fourteenth Amendment. As for the motion for summary judgment on the Section 1983 claim, Plaintiff initially asserted that additional discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure was necessary in order for it to respond to the motion. *See* Motion for Discovery [39]. The Court granted that request and permitted Plaintiff ninety days to conduct such discovery, following which Plaintiff was required to file, within ten days, any opposition to the motion it might have. *See* Order [50]. Plaintiff has not

filed any opposition to the motion for summary judgment with regard to the Section 1983 claim, and it has been well over a year since the response was due. For this and the reasons discussed below, the court finds the Defendant Tunica County's motion meritorious in all respects.

### B. Factual Background

Plaintiff Shirley White seeks damages against Tunica County pursuant to state law and 42 U.S.C. § 1983 for the alleged wrongful death of her brother, Keith Perkins, a prison inmate. Initially, Perkins was incarcerated at Tunica County Detention Facility ("TCDF"). While housed there, Perkins was provided medical care for an epileptic condition. This medical care included the medications Lamictal, Tegratal, and Keppra. These were Perkins' prescribed medications because he reported an allergy to Dilantin. He remained at TCDF until June 12, 2008. On that date, at 0800 hours, Perkins signed for and was administered his final prescribed dosages of Lamictal, Tegratal, and Keppra, and at 0831 hours, he was transferred to CMCF by a correctional officer or officers. Perkins' medications and medical records were not transported with him at the time of this transfer. Consistent with the general practice of the TCDF, however, a medical synopsis regarding Perkins' condition and allergies was given to the transporting officer prior to leaving the TCDF.

Perkins arrived at CMCF at 1431 hours on June 12, 2008. He was provided a medical screening at 1640 hours that same day, and he signed a required MDOC form entitled "Mississippi Department of Corrections, Prison Medical History and Screening." The form indicates that Perkins suffered from a "Seizure Disorder"; that his current medications were Lamictal, Tegratal, and Keppra; and that he had a medication allergy to Dilantin. Perkins was scheduled for a physical to be performed at a later date and was transported to general population in a different building. Interdisciplinary Medical Notes from June 14, 2008 state that "I/M to clinic stating 'I been here

almost a month and they ain't gave me none of my medicine.' I/M acknowledges hx of epilepsy. States he knows sz was coming knows meds and claims compliance until transfer to CMCF." On June 16, 2008, Perkins was prescribed different medications than those administered during his incarceration at TCDF and was transported to Central Mississippi Medical Center for uncontrolled seizure activity. There, Perkins died following a cardiac arrest. The complaint [1] alleges that Tunica County "failed to take the necessary steps to assure that Perkins' medical records and medications were transported with him" to CMCF. *See* Pl.'s Compl. [1] ¶ 10.

## *C. Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Tex. State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp.*, 477 U.S. at 327, 106 S. Ct. 2548). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

Substantive law determines what is material. *Anderson,* 477 U.S. at 249, 106 S. Ct. 2505. "Only disputes over facts that might affect the outcome of the suit under the governing law will

3

properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S. Ct. 2505. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine dispute is presented. *Celotex Corp.*, 477 U.S. at 327, 106 S. Ct. 2548. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Fed. Sav. & Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).

The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little,* 37 F.3d at 1075 (emphasis omitted).

### *D. Discussion*

1. **Plaintiff's State Law Claims**

    a. **Burden of Proof**

A statute enacted by the Mississippi Legislature is presumed constitutional. *Vance v. Lincoln Cnty. Dep't of Pub. Welfare*, 582 So. 2d 414, 419 (Miss. 1991). Accordingly, a party challenging the constitutionality of a statute must prove his case by showing the unconstitutionality of the statute beyond a reasonable doubt. *Id.; Exxon Corp. v. Bd. of Educ. of Lamar Cnty., Miss.*, 849 F. Supp.

4

479, 489 (S.D. Miss. 1994). The Mississippi Supreme Court has stated: "This Court will strike down a statute on constitutional grounds only where it appears beyond all reasonable doubt that such statute violates the constitution." *Wells v. Panola Cnty. Bd. of Educ.*, 645 So. 2d 883, 888 (Miss. 1994). The court has further stated:

> [O]ne who assails a legislative enactment must overcome the strong presumption of validity and such assailant must prove his conclusion affirmatively and clearly establish it beyond a reasonable doubt. All doubt must be resolved in favor of the validity of a statute. If possible, courts should construe statutes so as to render them constitutional rather than unconstitutional if the statute under attack does not clearly and apparently conflict with organic law, after first resolving all doubts in favor of validity.

*Loden v. Miss. Pub. Serv. Comm'n*, 279 So. 2d 636, 640 (Miss. 1973) (citations omitted); *see also Hoops v. State*, 681 So. 2d 521, 536 (Miss. 1996); *Richmond v. City of Corinth*, 816 So. 2d 373 (Miss. 2002).

    **b.**     **Analysis**

There is no dispute that Section § 11-46-9(1)(m), as it stands, entitles Tunica County to immunity from Plaintiff's state law claims. Section 11-46-9(1)(m) bars an inmate of a correctional facility from bringing suit against a governmental entity. The section provides in pertinent part:

> Governmental entities and employees; exemption from liability
>
>     (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
>     . . . .
>
>     (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such

5

> claimant is or is not an inmate of any detention center, jail,
> workhouse, penal farm, penitentiary or other such institution when
> the claim is filed;

> . . . .

MISS. CODE ANN. § 11-46-9(1)(m). This statute has been repeatedly upheld as providing immunity

to the State and its political subdivisions from suits by prisoners. *See Mahaffey v. Pearl River Cnty.*,

No. 1:07cv1070-RHW, 2009 WL 1507418 (S.D. Miss. May 29, 2009) (finding county immune from

inmate's state law claim for injuries sustained during a motor vehicle accident); *Whitt v. Gordon*, 872

So. 2d 71 (Miss. Ct. App. 2004) (upholding dismissal on immunity grounds of inmate's claim

against state employees for injury sustained in motor vehicle accident which occurred during

inmate's transport to prison facility); *Carter v. Miss. Dep't of Corrections*, 860 So. 2d 1187 (Miss.

2003) (holding governmental entity immune from negligence suit for wrongful death of inmate);

*Wallace v. Town of Raleigh*, 815 So. 2d 1203 (Miss. 2002) (holding statute barring inmate from

suing governmental entity was constitutional and that prisoner fell within statutory bar); *Sparks v.

Kim*, 701 So. 2d 1113, 1114 (Miss. 1997) (MTCA inmate exception to waiver of sovereign immunity

held a bar to wrongful death claim against county).

      Here, however, Plaintiff opposes dismissal of her state law claims on the ground that the

statute is unconstitutional because it violates the United States Constitution's mandate of equal

protection. Specifically, Plaintiff asserts that prisoners are considered, or should be considered, a

suspect class or quasi-suspect class and/or that the statute at issue impinges a fundamental

constitutional right of prisoners to receive adequate medical care. If correct in these assertions,

Plaintiff accurately argues that the immunity statute is subject to a "strict scrutiny" analysis (for

6

suspect classification or impingement of a fundamental constitutional right) or a "substantial relationship" analysis (for quasi-suspect classification). *See Mass. Bd. of Retirement v. Mugia*, 427 U.S. 307, 314, 96 S.Ct. 2562, 49 L. Ed. 2d 520 (1976); *Grimes v. Pearl River Water Supply Dist.*, 930 F.2d 441, 444 (5th Cir. 1991). In the alternative, Plaintiff asserts that even if prisoners are not a suspect or quasi-suspect class, and the statute does not impinge a fundamental constitutional right of prisoners, it nevertheless violates the Equal Protection Clause of the Constitution because the statute bears no "rational relationship" to a legitimate state interest. As the Plaintiff aptly notes, such a relationship is required of any legislation facing a constitutional challenge where that legislation involves neither a suspect nor quasi-suspect classification or a fundamental constitutional right. The Court will address Plaintiff's arguments in turn.

With respect to Plaintiff's first argument, both the Fifth Circuit Court of Appeals and the Mississippi Supreme Court have concluded that prisoners are not a suspect class for purposes of triggering a strict scrutiny analysis of challenged legislation. *See Carson v. Johnson*, 112 F.3d 818 (5th Cir. 1997); *Wallace*, 815 So. 2d 1203. Plaintiff has cited no authority to the contrary. With respect to Plaintiff's next argument, in her brief, she cites *Cleburne Living Center, Inc. v. City of Cleburne, Texas*, 726 F.2d 191, 197 (5th Cir. 1984), for the proposition that prison inmates constitute a quasi-suspect class. According to Plaintiff, "[a]lthough prisoners are not a suspect class, 'they do share enough of the characteristics of a suspect class to warrant heightened scrutiny.' " Pl.'s Br. [41] at 8. However, *Cleburne*, in fact, neither holds nor suggests that prisoners are a quasi-suspect classification.[1] The Mississippi Supreme Court and the Fifth Circuit have at least implicitly

---

[1] In *Cleburne*, the Fifth Circuit concluded that "although mental retardates are not a suspect class, they do share enough of the characteristics of a suspect class to warrant heightened scrutiny." *Cleburne*, 726 F.2d at 197 (emphasis added). However, the United States Supreme Court actually vacated this holding, finding that mental

7

recognized that prisoners do not constitute a quasi-suspect classification, as both courts have clearly held that the analysis applicable to prisoner challenges to the constitutionality of legislation is whether there is a rational relationship between the challenged legislation and a governmental interest. *See Carson*, 112 F.3d 818; *Wallace*, 815 So. 2d 1203.[2] If prisoners were, instead, entitled to quasi-suspect classification, those courts would have applied a substantial relationship analysis. Moreover, in instances where the issue of whether prisoners qualify as a quasi-suspect classification has been specifically addressed by other courts, those courts have consistently found the classification inapplicable. *See, e.g., Bell v. Holder*, No. 2:11cv488-WHA, 2012 WL 777186 (M.D. Ala. Mar. 8, 2012); *Nakao v. Rushen*, 542 F. Supp. 856 (N.D. Ca. 1982).

The Court next turns to Plaintiff's alternative argument that the statute is subject to a strict scrutiny analysis because it offends a fundamental constitutional right of prisoners. Specifically, Plaintiff argues that the statute offends prison inmates' constitutional right to receive reasonable medical care. However, as is plain from the face of the statute–which language is quoted above–it does no such thing. The subject of medical care is nowhere addressed in the section of the MTCA at issue here. Instead, the statute does no more than reaffirm, as to prisoners, the long-recognized and constitutional sovereign immunity of the State with regard to state law claims. *See Wallace*, 815 So. 2d 1203; *Grimes*, 930 F.2d 441.

Finally, Plaintiff argues that even under the least stringent analysis for addressing constitutional challenges to legislation, the rational relationship test, the statute at issue is

---

retardation is not a quasi-suspect classification calling for a more exacting standard of judicial review. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 442-43 (1985).

[2] *See also Phillips ex rel. Phillips v. Monroe Cnty., Miss.*, 311 F.3d 369, 376 n.2 (5th Cir. 2002) ("Prisoners are not a suspect or quasi-suspect class . . . .").

unconstitutional because it bears no rational relationship to any legitimate state purpose. In particular, Plaintiff contends that the statute deprives prisoners of adequate medical care, and that because prisoners are dependent on the State for the provision of adequate medical care, the statute is "irrational." Again, Plaintiff has wholly misconstrued the subject of the statute which, as noted above, does not address the provision of medical care. Moreover, although not addressed at all by Plaintiff, this Court notes that the Mississippi Supreme Court has already considered the very challenge to the instant statute made here and has held that 1) the rational relationship test is the appropriate test; and 2) the statute bears a rational relationship to a legitimate state concern. In *Wallace*, an injured inmate argued that the subject statute violated the Remedy Clause, Due Process Clause, and the Equal Protection Clause of the Mississippi and the United States Constitutions. 815 So. 2d 1203. Each of these theories was considered and rejected by the Mississippi Supreme Court. *Id.* With regard to the equal protection claim, in particular, the *Wallace* court reasoned that the claim failed because it found that "[t]he Legislature had a legitimate purpose in protecting governmental entities from claims brought by inmates." *Id.* at 1207. Consequently, the court found that the plaintiff in that case failed to establish that the statute was unconstitutional under the rational relationship test. *Id. Wallace* has been cited with favor by the Southern District of Mississippi. *See, e.g., Mahaffey v. Pearl River Cnty.*, No. 1:07cv1070-RHW, 2009 WL 1507418 (S.D. Miss. May 29, 2009); and *Hodge v. Flynn*, No. 2:07cv40-KS-MTP, 2007 WL 2727263, at *2 (S.D. Miss. Sept. 17, 2007).

In the face of such established precedent, and in the absence of any controlling law to the contrary, the Court finds that Plaintiff's challenge to the constitutionality of Section 11-46-9(1)(m) is without merit, and that there are no triable issues of fact regarding whether Defendant Tunica

9

County is immune from suit pursuant to the MTCA with regard to Plaintiff's state law claims. Accordingly, Tunica County is entitled to summary judgment on all of Plaintiff's state law claims.

## 2.  Plaintiff's Section 1983 Claims

In support of its motion for summary judgment on Plaintiff's Section 1983 claims, Tunica County asserts that Plaintiff has failed to identify a policy or custom that resulted in deliberate indifference to Keith Perkins' known serious health condition and/or has failed to offer proof that a delay/denial of medical care occasioned thereby caused Perkins' death. In response to these arguments, Plaintiff asserted that in order to bring forth evidence of the same, she needed to conduct limited discovery. The Plaintiff was thereupon granted a period of ninety days from June 17, 2010, in which to conduct this discovery and was expressly ordered to file any opposition to the motion for summary judgment that it might have within ten days thereafter. The Plaintiff has never filed any such response or opposition, and well over a year has lapsed since the response was due. Because the Plaintiff has come forth with no proof of a custom or policy of Tunica County that manifested itself in deliberate indifference to Perkins' serious medical needs and/or proof that the same caused his death, summary judgment is appropriate on this claim.[3]

### *E.  Conclusion*

For the foregoing reasons, Defendant Tunica County's Motion for Summary Judgment should, and is hereby, GRANTED in all respects.

---

[3]*See Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (holding that local governments may be sued directly under Section 1983 where the alleged unconstitutional action is part of an official policy or custom of the governmental body). *See also Conner v. Travis Cnty.,* 209 F. 3d 794, 796 (5th Cir. 2000) ("Counties and supervisors are not liable for constitutional violations committed by county employees unless those violations result directly from a municipal custom or policy.").

The Court shall enter a final judgment on these claims in accordance with this opinion, THIS, 23rd day of July, 2012.

SENIOR JUDGE