IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| SHIRLEY WHITE, As Wrongful Death Beneficiary of KEITH PERKINS, DECEASED | PLAINTIFF |
| v. | 2:09-CV-00161-GHD-JMV |
| WEXFORD HEALTH SOURCES, INC. | DEFENDANT |

**CONSOLIDATED WITH**

| | |
|---|---|
| SHIRLEY WHITE, As Wrongful Death Beneficiary of KEITH PERKINS, DECEASED | PLAINTIFF |
| v. | 2:09-CV-00162-GHD-JMV |
| CHRISTOPHER EPPS, Individually and in His Official Capacity; and GLORIA M. PERRY, M.D., Individually and in Her Official Capacity | DEFENDANTS |

MEMORANDUM OPINION DENYING 28 U.S.C. § 1404(a) MOTION TO TRANSFER VENUE
_____

Presently before the Court is Defendant's motion to transfer venue, brought pursuant to 28 U.S.C. § 1404(a) [82]. Upon due consideration, the Court is of the opinion that the motion is not well taken.

Defendant Wexford Health Sources, Inc. moves this Court to transfer this action from the United States District Court for the Northern District of Mississippi ("Northern District") to the United States District Court for the Southern District of Mississippi ("Southern District"). Defendants Christopher Epps and Gloria M. Perry, M.D., both individually and in their official capacities, join in the motion. Defendants argue that the case should be transferred to the Southern District for the following reasons: (1) Keith Perkins, the Decedent, was, at the time of his death, an inmate at Central Mississippi Correctional Facility ("CMCF") in Rankin County, Mississippi, which is within the Southern District; (2) the alleged causes of action occurred in Rankin County, as the

complaint alleges that the Decedent did not receive proper medical care from the doctors and nurses and other unidentified employees at CMCF in Rankin County, and that MDOC employees violated the Decedent's constitutional rights; and (3) it would be more convenient for parties and witnesses to try the case in the Southern District. Defendants acknowledge that venue was proper in the Northern District when the action was initiated, but contend that venue ceased to be proper in the Northern District once Defendant Tunica County, Mississippi was dismissed from this case on July 27, 2012.

Venue is determined at the outset of litigation and is not affected by subsequent events. *Smilde v. Snow*, 73 F. App'x 24, 26 (5th Cir. 2003) (citing *Mich. Trust Co. v. Ferry*, 228 U.S. 346, 353, 33 S. Ct. 550, 57 L. Ed. 867 (1913); *Exxon Corp. v. FTC*, 588 F.2d 895, 899 (3d Cir. 1978)). To determine whether venue was proper in the Northern District at the outset of this litigation, the Court looks to the general venue statute, 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The federal statute concerning improper venue provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406.

According to the general venue statute, 28 U.S.C. § 1391(b), the action was properly brought in the Northern District if at the initiation of the suit all Defendants resided in Mississippi for venue purposes, and at least one of the Defendants resided within the Northern District. *See* 28 U.S.C. § 1391(b)(1). As a corporation, Defendant Wexford Health Sources, Inc. resides wherever it is subject to personal jurisdiction, including Florida, where it was incorporated, and Rankin County, within the Southern District, where this cause of action originated. *See* 28 U.S.C. § 1391(c). Defendant Tunica County, Mississippi, which has since been dismissed as a party to this action, resides in the Northern District for venue purposes. Because at least one Defendant resided in the Northern District at the outset of this litigation, venue was, and is, proper in the Northern District.

Having determined that venue is proper in the Northern District, the Court next examines whether transfer to the Southern District would be proper based on the federal venue transfer statute, 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a); *see also Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). A district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). The movant must show that "the transferee venue is . . . clearly more convenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) (stating that the "plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed"). In deciding this issue, courts should consider private and public interest factors. Ordinarily, the plaintiff's choice of venue will not be disturbed unless the balance of factors weighs in favor of the defendant. The private interest factors

3

are as follows: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981)). The public interest factors are as follows: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* (citing *Piper Aircraft Co.*, 454 U.S. at 241 n.6, 102 S. Ct. 252).

Defendants contend that both private and public interest factors weigh in favor of a transfer to the Southern District. Defendants argue that the proof would be more accessible in Hinds County or Rankin County. Defendants further maintain that a trial in Jackson would be easier, more expeditious, and less expensive than a trial in Oxford, because Defendants' employees and expert witnesses are located in the Jackson area and would incur less time and expense to attend a Jackson trial. Defendants further argue that events giving rise to this litigation occurred in Rankin County or Hinds County, and thus, that the matter should be heard in the Southern District.

Plaintiff argues in response that the Northern District was, and remains, a proper venue for this action, as discovery began long ago with a number of depositions being taken on the issue of immunity, and considerations of judicial economy dictate that the case remain in the Northern District. Plaintiff contends that although CMCF's and MDOC's records are presumably present in the Southern District, it is likely that Wexford Health Sources, Inc., a Florida corporation, does not store its records in this state. Plaintiff further maintains that the case, which has been on this Court's docket since 2009, would be further delayed by a transfer to the Southern District, as the transfer

4

would necessitate a new scheduling order and a resetting of the trial date, and would allow Defendants to re-file their dispositive motions on immunity grounds which would stay the case pending the transferee court's resolution of the motions. Plaintiff states that although some witnesses may live in the Southern District, many, such as employees of Tunica County, the Decedent's former treating physicians, and the Decedent's family members who have knowledge and information relevant to the case, live in the Northern District. Plaintiff argues that a transfer at this point in the case would result in a waste of judicial resources and prejudice to Plaintiff. Finally, Plaintiff argues that there is no local interest in having the case decided in the Southern District.

The Court finds that the private and public interest factors do not weigh heavily on either side. Defendants have not shown that the transferee venue, the Southern District, would be "clearly more convenient" than the Northern District. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Whether the case is litigated in the Northern District or Southern District, either Plaintiff or Defendants will have to travel, either Plaintiff's witnesses or Defendants' witnesses will have to travel, and the documents related to the litigation should be readily accessible from either location. The Court is loath to disturb the Plaintiff's choice of forum, particularly three years into the litigation. Thus, the motion to transfer venue, brought pursuant to 28 U.S.C. § 1404(a) [82], is denied.

A separate order in accordance with this opinion shall issue this day.

THIS, the 7th day of September, 2012.

_____
SENIOR JUDGE